# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TRAVIS WILLIAM MAYER,**

    **Plaintiff,**

    v.                                        CASE NO. 18-3231-SAC

**EMPORIA POLICE DEPARTMENT,**
**et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's allegations involve his state criminal proceedings. Plaintiff alleges that his state criminal proceedings included perjured testimony, and that police department staff withheld exculpatory evidence in obtaining a conviction. Plaintiff names the Emporia Police Department, the Chief of Police, Sergeant, Captain and six officers as defendants. Plaintiff seeks "[t]o hold Emporia Police Department and their officers to their higher standard of duty, and investigate police misconduct," and "$3,000,000 for their illegal and unconstitutional acts." (Doc. 1, at 6.) On October 30, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until November 30, 2018, in which to show good cause why his Complaint should not be dismissed. The Court noted that Plaintiff's request for monetary damages may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court also noted that to the extent Plaintiff intends to seek release from imprisonment, such a challenge must be brought in a habeas action.

In response to the Court's MOSC, Plaintiff filed a Motion to Dismiss Without Prejudice and Preserve Filing Date (Doc. 10), seeking to voluntarily dismiss this action and to "preserve the filing date." Plaintiff stated that his state criminal case in on appeal. Because a dismissal

1

without prejudice does not preserve the filing date, the Court gave Plaintiff an opportunity to inform the Court as to whether or not he continued to seek a voluntary dismissal or whether the case should be stayed pending resolution of his state criminal proceedings.

Plaintiff filed a Response (Docs. 12, 14) asking the Court to stay this case pending resolution of his state criminal proceedings. (Doc. 12, at 2.) On February 20, 2019, the Court entered an Order (Doc. 15) staying this case pending resolution of Plaintiff's state criminal proceedings, and directing Plaintiff to "notify the Court when his state criminal proceedings have concluded." (Doc. 15, at 2.)

The Kansas Court of Appeals affirmed Plaintiff's state court judgment on August 10, 2018, and Plaintiff filed a Petition for Review. *See State v. Mayer*, No. 118015 (Kan. Ct. App. Aug. 10, 2018) (Per Curiam). Although Plaintiff has failed to notify the Court, the docket of the Kansas Court of Appeals reflects that Plaintiff's Petition for Review was denied on March 27, 2019. *Id*. Therefore, Plaintiff shall show cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC at Doc. 9.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **May 31, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons set forth in the Court's MOSC at Doc. 9.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 10th day of May, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**