IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS WILLIAM MAYER,

      **Plaintiff,**

      v.                                    CASE NO. 18-3231-SAC

EMPORIA POLICE DEPARTMENT,
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

      Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's allegations involve his state criminal proceedings. Plaintiff alleges that his state criminal proceedings included perjured testimony, and that police department staff withheld exculpatory evidence in obtaining a conviction. Plaintiff names the Emporia Police Department, the Chief of Police, Sergeant, Captain and six officers as defendants. Plaintiff seeks "[t]o hold Emporia Police Department and their officers to their higher standard of duty, and investigate police misconduct," and "$3,000,000 for their illegal and unconstitutional acts." (Doc. 1, at 6.) On October 30, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until November 30, 2018, in which to show good cause why his Complaint should not be dismissed. The Court noted that Plaintiff's request for monetary damages may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court also noted that to the extent Plaintiff intends to seek release from imprisonment, such a challenge must be brought in a habeas action.

      In response to the Court's MOSC, Plaintiff filed a Motion to Dismiss Without Prejudice and Preserve Filing Date (Doc. 10), seeking to voluntarily dismiss this action and to "preserve the filing date." Plaintiff stated that his state criminal case in on appeal. Because a dismissal

1

without prejudice does not preserve the filing date, the Court gave Plaintiff an opportunity to inform the Court as to whether or not he continued to seek a voluntary dismissal or whether the case should be stayed pending resolution of his state criminal proceedings.

Plaintiff filed a Response (Docs. 12, 14) asking the Court to stay this case pending resolution of his state criminal proceedings. (Doc. 12, at 2.) On February 20, 2019, the Court entered an Order (Doc. 15) staying this case pending resolution of Plaintiff's state criminal proceedings, and directing Plaintiff to "notify the Court when his state criminal proceedings have concluded." (Doc. 15, at 2.)

The Kansas Court of Appeals affirmed Plaintiff's state court judgment on August 10, 2018, and Plaintiff filed a Petition for Review. *See State v. Mayer*, No. 118015 (Kan. Ct. App. Aug. 10, 2018) (Per Curiam). Although Plaintiff failed to notify the Court, the docket of the Kansas Court of Appeals reflects that Plaintiff's Petition for Review was denied on March 27, 2019. *Id*. Therefore, the Court entered an Order (Doc. 16) directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC at Doc. 9.

Plaintiff filed a Response (Doc. 19) and a Motion for Appointment of Counsel (Doc. 18–1). In his Response and supplement (Doc. 21), Plaintiff asks the Court to continue to stay this case to allow him to continue pursuing his civil rights case "where [he] was maliciously prosecuted" because he is working on filing a state habeas action alleging Ineffective Assistance of Counsel. The Court finds that Plaintiff's contemplation of filing a state habeas action does not justify a continuation of the stay in this case. The Court finds that Plaintiff will not be prejudiced by a dismissal of this case without prejudice. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (finding that "for § 1983 claims necessarily challenging the validity of a conviction or sentence, *Heck* delays the rise of the cause of action until the

conviction or sentence has been invalidated. Because the cause of action does not accrue until such time, the applicable statute of limitations does not begin to run until the same time.") (citing *Heck*, 512 U.S. at 489–90); *see also Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) ("A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor.") (citations omitted).

Plaintiff has also filed a Motion to File Additional Documents Conventionally (Doc. 22), seeking to file screen shots of videos relating to his underlying case. In light of the Court's ruling, this request and Plaintiff's motion for appointment of counsel are denied as moot.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 18–1) and Motion to File Additional Documents Conventionally (Doc. 22) are **denied.**

**IT IS FURTHER ORDERED THAT** this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of August, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**